FILED

2012 APR 27   PM 12: 53

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

*Juan Carlos Cuevas*
*1361 Max Ave.*
*Chula Vista, CA 91911*

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRIC OF CALIFORNIA

### SAN DIEGO CALIFORNIA

| | |
|---|---|
| Skyline Vista Equities, LLC<br><br>               Plaintiff,<br><br>VS.<br><br>Ivan Roman; and Does 1-10, inclusive<br><br>              Defendants. | CASE NO:<br><br>**12 CV 1 0 4 4 CAB NLS**<br><br>**NOTICE OF REMOVAL**<br><br>Removed from San Diego County Superior Court-South CountyDivision<br><br>CASE NUMBER<br>37-2012-00030360-CL-UD-SC<br>United States District Court for the Southern District of California- San Diego |

## NOTICE OF REMOVAL

**TO THE CLERK, THE PARTIES AND COUNSEL PLEASE BE AVISED** and take notice that this case is removed from the Superior Court of the State of California to the United States District Court for the Southern District of California, sitting at San Diego, California, in accordance with Title 28 U.S.C. §1441, and § 1446, et seq., and other provisions of law.

Defendant's memorandum in support of the removal is attached and incorporated herewith.

## MEMORANDUM OF POINTS AND AUTHORITIES in NATURE OF COMPLAINT AND QUI TAM RELATION

**STATEMENT OF THE CASE**

1. Plaintiff is SKYLINE VISTA EQUITIES, LLC,

2. This Plaintiff is a Corporation. On March 01, 2012, 2012. Plaintiff filed an "unlawful detainer" action in Superior Court of California sitting at San Diego in California County. The case number is 37-2012-00030360-CL-UD-SC

3. Upon information and belief Plaintiff is an un-registered entity or person with the California Department of State

4. Removing Defendant is JUAN CARLOS CUEVAS.  He is a Hispanic man domiciled in San Diego, County California. A true and correct copy of the summons, complaint, exhibits and court notification is attached hereto as **Exhibit 1.**

5. This removal is within 30 days of the filing of the action.

6. At all times material to this Complaint, Plaintiffs activities involves a substantial course of conduct or matters of a profit business that affects of trade or commerce, as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 2044

7. Plaintiff's complaint or lawsuit arises from securities matter (and/or) use of fraudulent conveyances, conversions, deception and/or cloaked securitization matters which are being disguised in state proceedings done under color of state law in an UNLAWFUL DETAINER COURT assuming, without admitting, that a unregistered entity can transact any business in California.

8.  Plaintiff lawsuit contains allegations of a sale or purchase... and that "Plaintiff SKYLINE VISTA EQUITIES, LLC, Is the owner of the real property located as 1361 MAX AVENUE, CHULA VISTA, CA 91911, (premises) and is entitled to possession thereof

On or about 02/06/2012 plaintiff became the owner of the premises by purchasing them at a trustee's sale held in compliance with California Civil Code 2924...

9.  Defendant asserts on its face and by its name Plaintiffs are attempting to assert securities claims in unlawful detainer courts and there is a material lack of compliance with the California statues which are constitutionally repugnant and/or infirm as applied.

10. This Removal is filed pursuant, but not limited to 28 U.S.C. §§ 1443 (1) and 1446 (b), which states:

A notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title [28 USCS § 1332] more than 1 year after commencement of the action.

11. This removal and supporting information raises issues involving federal question federal subject matter that implicates constitutional repugnancy with statutory violations including but not limited to, securities laws, fair debt collection practices, unfair and deceptive practices, conspiracy against rights, civil rights violations. All of these which are believed to be matters of original federal jurisdiction which CUEVAS is matters subsumed in Plaintiffs "ACTION BASED ON CODE OF CIVIL PROCEEDURE SECTION 1161a which are actions undertaken under color of state law.

12. CUEVAS suggests the matter of securities violation implicate a federal preemption of state law. That is, the purported unlawful detainer matter in the state proceeding are in reality concealed or disguised security transactions.

13. In this proceeding CUEVAS will be precluded or prevented and denied rights on matters that cannot be heard or litigated in the State Court unlawful detainer proceedings. The complaint is premised in or upon fraudulent conveyances, and conversion which is supposedly verified by a person who will be shown to lack personal knowledge on numerous such contested issues of fact.

14. The conduct asserted includes, but is not limited to, violations or matters whit in, Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), that prohibits "unfair or deceptive acts or practices in or affecting commerce." Misrepresentations or deceptive omissions of material fact constitute deceptive acts or practices prohibited by Section 8 5(a) of the FTC Act. Acts or practices are unfair under Section 53(b) of other consumers that cannot reasonably be avoided. Additionally CUEVAS asserts the conduct involves aggravating circumstances that the unlawful detainer courts allow or permit.

15. Plaintiff is informed that this federal Court has and holds subject matter jurisdiction pursuant, but not limited to, 29 1331, 1337(a), and 1345, and 15 U.S.C. §§ 45(a), 1692 et seq., Venue is proper in this district under 28 U.S.C. §§ 15 1291(B) (2) and (c), and in nature of 15 U.S.C. §53(b), where the court may if necessary consider JUAN CARLOS CUEVAS as a qui tam relator.

16. In the state action SKYLINE VISTA EQUITIES, is represented by Sam Chandra; Law Offices of Sam Chandra, APC. 710 S. Myrtle Ave., #600, Monrovia, CA 91016.

17. Plaintiff suggests a substantial variance is also involved in that the TRUSTEES DEED UPON SALE (arguably another fraudulent conveyance). The values stated in COUNSEL's representations shows $401,085.57 and $185,000.00.

4

18. JUAN CARLOS CUEVAS does not believe funds were transferred in cash or cashiers check as demanded in the published Notice of Defaults published or recorded by Respondents or their agents.

19. Defendant believes that the complaints and actions by SKYLINE VISTA EQUITIES, LLC and its associates involve financial gimmicks made and done amongst themselves to fabricate the appearance of compliance with California's non judicial foreclosure statutes when such compliance may be entirely irrelevant because there has been no lawful delegation to conduct a non judicial foreclosure to SKYLINE VISTA EQUITIES. In short a usurpation or ultra vire. No such authority to conduct a non judicial foreclosure is believed to exist or reside in Plaintiff or its agents or assigns.

20. SKYLINE VISTA EQUITIES through counsel and agents habitually or routinely misrepresent compliance with California non judicial foreclosure statute so as to paper over the fact that a non judicial foreclosure is unauthorized.

21. For example one Court recently found and concluded that errors and inaccurate submissions were noted to be a pattern of behavior that is common in the mortgage industry.

22. These Studies have shown that mortgage holders and servicers routinely file inaccurate claims, some of which may not be lawful. *See* Katherine Porter, *Mishbehavios and Mistake in Bankruptcy Mortgage Claims,* 87 Tex. L. Rev. 121, 123-24 (2008); Andrew J. Kazakes, *Developments in the Law: the Home Mortgage Crisis,* 43 Loy. L.A. L. Rev. 1383, 1430 (2010) (citing David Streifeld, *Bank of America to Freeze Foreclosure Cases,* N.Y. Times, Oct. 2, 2010, at B1) (reporting that after revelation of Porter's study several Banks froze foreclosure); Eric Dash, *A Paperwork Fiasco,* N.Y. Times, 26 Oct. 24, 2011, at WKS (reporting the repeal of the initial freeze and the problems banks faced in clearing up foreclosure paperwork).

23. The Inspector General overseeing the recent financial crisis has studied this issue and concluded: Anecdotal evidence of [loan servicers'] failures [have] been well chronicled. From the repeated loss of borrower paperwork, to blatant failure to follow program standards, to unnecessary delays that severely harm borrowers while benefiting servicers themselves, stories of servicer negligence and misconduct are legion, and ... they too often have financial interests that don't align with those of either borrowers or investors. Office of the Special Inspector General for the Troubled Asset Relief Program, Quarterly Report to Congress 12 (Jan. 26, 2011), *available at* http://www.sigtarp.gov/ (follow link for "Quarterly Report to 21 Congress").

24. The DOT is a three party instrument listing IVAN ROMAN as Borrower. The Lender's rights regarding the Loan are pervasive. The Lender is entitled to receive all payments under the Note, to control enforcement of the DOT under its terms, and only the Lender is entitled to conduct a non judicial foreclosure. It is not believed that SKYLINE VISTA EQUITIES et al have none of these rights under the DOT and is not mentioned in the Note, assuming, without admitting the note has not been extinguished by operation of law in accordance with but limited to, CC 1700 due to the material conversion or alteration.

25. While the Borrower acknowledge in the DOT that Recontrust Company may exercise the Lender's rights as "necessary to comply with law or custom," this acknowledgement is not accompanied by any actual allocation or authority to delegate such authority to non-judicially foreclose on the Property, nor is such authority believed to be authorized in any other document in the record.

26. Plaintiff's authority to foreclose cannot, therefore, be derived from an assignment or attempt to delegate such authority implicating the non delegation doctrine.

27. Under the DOT, the Lender is secured the right to: "(i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security

Instrument and the Note." In addition, under the covenants executed between the Lender and IVAN ROMAN, the Lender is granted exclusive authority to accelerate repayment, "give notice to Borrower prior to acceleration," "invoke the power of sale" through written notice to the Trustee in the event of default, and appoint successor trustee.

28. The status as an alleged trustee of the DOT may have allowed it to assign but it is far from clear whether that limited status, conveys a right to enforce the DOT or security Loan. An assignment of a mortgage without assignment of the corresponding debt is a nullity under controlling law. *Carpenter v. Longan,* 83 U.S. 271, 275 (1872); *Kelley v. Howarth,* 39 Cal. 2d 179, 192 (1952); *Johnson v. Razy* 181 Cal. 342, 344 (1919) ("A mortgage is mere security for debt, and it cannot pass without transfer of the debt."); *Polhemus v. trainer,* 30 Cal. 686, 688 (1866) (interest in the collateral subject to the mortgage does not pass "unless the debt itself [is] assigned."). Within California's comprehensive statutory nonjudicial foreclosure scheme found at Civil Code sections 2920-2955, four separate statutes corroborate that the secured debt must be assigned with the deed of trust.

29. A negotiable promissory note such as the Note can only be enforced in accordance with Article 3 of the Commercial Code ("CCC"), Cal. Com. Code §§ 1101-16104 (Deering 2011). The CCC permits enforcement of a note by a party who: **(1)** holds a directly endorsed note (section 1205(21)); (2) previously had the ability to enforce the note, but it was lost, destroyed, or stolen (section 3309); (3) has possession of an endorsed-in-blank instrument (section 1205(21)); or (4) can prove both possession of the enforcement rights received from its transferor (section 3301). None of these factors are of record in the UD court which habitually and routinely assumes facts not in evidence and disallows any such claims or affirmative defenses or habitually overrules such

**VARIANCE**

30. In this matter the Trustees Deed upon sale represents that the amount paid by the "Grantee" was $185,000.00, according to Plaintiffs Exhibit A to SKYLINE VISTA EQUITIES' complaint. The complaint states that Skyline Vista Equities is the owner of the real property and is entitled to possession thereof... "It became the owner of the premises by purchasing them at a trustee sale held in compliance with California Civil Code §2924. CUEVAS asserts that these it is believed statements are known false or misleading representations which will not be addressed or considered in the UD Court. This claim is the result of a securitization scheme that is structurally flawed.

31. There are arguably unlawful securitization is extensive, but has several gaps that have not been addressed at all or sufficiently:

- Whether securitization is legal.
- Whether securitization causes usury
- The standards for usurious loans/forbearance.
- The specific components of cost-of-capital, for purposes of assessing usury violations
- Antitrust liability in securitization transactions
- Federal/state RICO liability in securitization transactions.
- The Constitutionality of securitization transactions
- The validity of contracts used in effecting securitization transactions.
- Whether securitization usurps the purposes of the US bankruptcy code.

32. There are extensive gaps regarding regulatory matters on "True-sale" and "assignment" distinctions, **see:** *Major's Furniture Mart, Inc. v Castle Credit Corporation, Inc.*, 602 F.2d 538 (3rd Cir. 1979); In re *Major Funding Corporation,*

82 B.R. 443 (Bankr. S.D. Tex. 1987); *Fox v. Peck Iron and Metal Company, Inc.,* 25 B.R. 674 (Bankr. S.D. Cal. 1982); *Carter v. Four Seasons Funding Corporation,* 97 S.W.3d. 387 (Ark. 2003); *A.B. Lewis Co. v. Nat'l Investment Co. of Houston,* 421 S.W.2d 723 (Tex. Civ. App. – 14th Dist. 1967); ***Resolution Trust Corp v. Aetna Casualty and Surety Co. of Illinois,*** 25 F.3d 570, 578 (7th Cir. 1994); ***In re Royal Crown Bottlers of North Alabama, Inc.,*** 23 B.R. 28 (Bankr. N.D. Ala. 1982) (addressing 'reasonably equivalent value' in transfer by parent to subsidiary); Butner **v. *United States***, 440 U.S. 48 (U.S. 1979); *In re Schick,* 246 B.R. 41, 44 (Bankr. S.D.N.Y. 2000); (state law determines the extent of the debtor's interest; bankruptcy law determines whether that interest is "property of the state")). See also Origins and history of securitization – legislative history, evolution of securitization processes, and current practices. Carlosn (1998), Janger (2002) and Lupica (2000) traces the history of securitization to direct and specific efforts/collaborations to avoid the impact of US bankruptcy laws. Klee & Butler (2002) and other authors have traced the history of securitization to attempts to handle the problem of nonperforming debt. Types of contracts used in securitization. The key criteria for enforceability:

33. Securitization may violate usury laws, because the resulting effective interest rate typically exceeds legally allowable rates (set by state usury laws). There is substantial disagreement (conflicts in case-law holdings) among various US court jurisdictions, and also within some judicial jurisdictions, about some issues and these conflicts have not been resolved by the US Supreme Court. On these issues, even the cases for which the US Supreme Court denied certiorari vary substantially in their holdings.

In part the issues may be characterized as follows:

1) What constitutes usury

2) What costs should be included when calculating the effective cost-of-funds.

3) What types of forbearance qualify for applicability of usury laws.

4)  Conditions for pre-emption of state usury laws.

34. All "True-Sale", "Disguised Loan" And: Assignment" Securitizations Are Essentially Tax-Evasion Schemes. In the US, the applicable tax evasion statute is the US Internal Revenue Code Section 72017 which reads as follows: "Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution…" Under this statute and related case law, prosecutors must prove three elements beyond a reasonable doubt:

1)  The "actus reus" (the guilty conduct) – which consists of an affirmative act (and not merely an omission or failure to act) that constitutes evasion or an attempt to evade either: a) the assessment of a tax or b) the payment of a tax.

2)  The "mens rea' or Mental" element of willfulness – the specific intent to violate an actually known legal duty.

3)  The "attendant circumstance" of the existence of a tax deficiency – an unpaid tax liability. In the case of 'true sale' transactions, the tax evasion occurs because:

a)  The sponsor determines the price at which the collateral is transferred to the SPV, and hence, can arbitrarily lower/increase the price to avoid capital gains taxes – its assumed that the sponsor is a profit maximizing entity and will always act to minimize its tax liability and to avoid any tax assessment;

b)  The sponsor typically retains a 'residual' interest in the SPV in the form of IOs, Pos and "junior piece", which are typically taxed differently and at different tax – basis compared to the original

collateral – hence the sponsor can lower the price of the collateral upon transfer to the SPV, and convert what would have been capital gains, into non-taxable basis (for tax purposes) in the SPV "residual;"

c) There is typically the requisite "intent" by the sponsor – evidenced by the arrangement of the transaction and the transfer of assets to the SPV;

d) Before securitization, collateral is typically reported in the sponsors; financial statements at book value (lower-of-cost-or-market – under both US and international accounting standards, loans and accounts receivables are typically not re-valued to market-value unless there has been some major impairment in value) which does not reflect true Market Values, and results in effective tax evasion upon transfer of the collateral to the SPV because any unrealized gain is not taxed;

e) The Actus Reus is manifested by the execution of the securitization transaction and transfer of assets to the SPV;

f) The Mens Rea or specific intent is manifested by the elaborate arrangements implicit in securitization transactions, the method of determination of the price of the collateral to be transferred to the SPV, the objectives of securitization, and the sponsor's transfer of assets to the SPV;

g) The unpaid tax liability consists of foregone tax on the capital gains from the collateral (transaction is structured to avoid recognition of capital gains), and tax on any income from the collateral which is 'converted' into basis or other non-taxable forms;

h) Income (from the collateral) that would have been taxable in the sponsor's financial statements, is converted into non-taxable basis in the form of the SPV's interest-only (IO) and principal-only (PO) securities – part of the Interest-Spread (the difference between the

SPV's income and thaw it pays as interest and operation costs) is paid out to PO-holders and this transforms interest into return of-capital or just capital repayment, with no tax consequences.

35. In the case of 'disguised loan' or 'assignment' securitization transactions, the tax evasion occurs because:

a) The sponsor determines the price at which the collateral is transferred to the SPV, and hence can lower/increase the price of the collateral to avoid capital gains taxes;

b) The sponsor typically retains a 'residual' interest in the SPV which is typically taxed differently and at different tax-basis compared to the original collateral –hence the sponsor can lower the price upon transfer to the SPV, and convert what would have been capital gains, into non-taxable basis for tax purposes;

c) The transfer of collateral to the SPV and the creation of interest-only and principal-only securities essentially converts what would have been taxable capital gains into non-taxable basis;

d) Any gain in the value of the collateral is not recognized for tax purposes , because there has not been any 'sale';

e) Where the ABS is partly amortizing, any capital gains are converted into interest payments;

f) The Actus Reus is manifested by the execution of the securitization transaction and transfer of assets to the SPV;

g) The Mens Rea or specific intent is manifested by the elaborate arrangements implicit in securitization transactions, the objectives of securitization and the sponsor's transfer of assets to the SPV;

h) The unpaid tax liability consists of tax on the capital gains from the transfer of the collateral (the transaction is structured to avoid recognition of a sale, whereas the transfer to the SPV is effectively a

sale), and tax on any income from the collateral which is 'converted' into basis or other non-taxable forms (IOs and Pos) by securitization.

36. In most securitization and probably All "True-Sale", or "Disguised Loan" And "Assignment" Securitizations, The Conflict Of Interest is patent and self evident because the Sponsor also Serving as the servicer and in likelihood operates in law as a material Fraud and/or Conversion. The sponsor eventually serves as the servicer of the SPV asset pool.

37. In its (sale) regarding the Trustee's Deed the UD Court relied on a deed or default notice that shows contradictory assertions of material fact stating that at the trustee sale the property was "sold to the highest bidder" when it set the bid in advance and never identifies if whether the payment was cash or credit. This distinction is important. It involves matters of title, excise tax and other consequences and whether a void foreclosure can be set aside.

38. None of these arguments will be permitted in the state courts to contest the validity and lack of compliance with non judicial foreclosure practice rending the process or the statues as applied in the state courts constitutionally infirm or repugnant.

39. CUEVAS asserts that this kind of activity may implicate the kinds of inherent civil rights problems that arise in the UD state proceedings which deprive consumers meaningful access, meaningful litigation rights which rights are secured and protected by law, due process, equal protection, and other privileges and immunities contained in, but not limited to the First, Ninth and 14 Article Amendments. And perhaps within the privileges and immunities clauses of Article IV, of the Constitution for the United States, as well as Title 42 United States Code Sections 1981-1986(sic), and the consumer protection statutes. It is an unfair, deceptive and misleading debt collection practice rooted in securities and anti-trust violations.

40. The state action is in reality a means or method of disguising financial and securities transactions among other mal practice being undertaken throughout San Diego County and California

41. The Superior Courts of San Diego County, California, routinely proceed under the provisions of California Civil Code §2924, 2923.5 whose constitutionality is challenged (as applied), with evictions following non judicial foreclosures, regardless of the actual legality of the foreclosure proceedings, because of certain presumptions created by operation of law, and legal defenses to eviction, such as lack of lawful title or fraud in the acquisition of title on the part of the evicting party, are not allowed.

42. This combination of circumstances put JUAN CARLOS CUEVAS on notice that He will "be denied access and civil rights [and] [can not enforce in the UNLAWFUL DETAINER courts of [the Superior Court of San Diego County in the] state [of California any of her right[s] under any law[s] providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. §1443(1); 42 U.S.C §§1981, 1982.

43. Furthermore, the law firms of SAM CHANDRA, acting together and in conjunction and agreement with certain officers of San Diego County Superior Court system appear to have a special, local series of customs, practices, and policies having the force of law which create or define an especially oppressed class of eviction suit defendants who are denied both due process of law and equal protection ,for the simple reason that respondents always lose in San Diego County in Unlawful detainer proceedings as a matter of statutory law, custom, practice, and policy implemented by the attorneys and other judicial officers of the Superior Courts in plain violation of 42 U.S.C. §1981, which is a statute providing for equal protection under the law

44. There are many other suits pending against the Respondents throughout the United States and in California for unfair and deceptive practices including

regulatory investigations and congressional hearings into the financial and legal mal practice engaged.

45. Juan Carlos Cuevas submits California Civil Code §2924 affords conclusive legal effect to lies, and deceits, and fraud. Having recently discovered the lies and deceits on the face of documents recorded by Respondant and attorney declarations.

46. Additionally, however, CUEVAS alleges that he is entitled to remover under 287 U.S.C. §1443(1) and *Dombrowski v. Pfiser,* 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965)  because the Superior Courts of San Diego County, and of California generally, have and enforce statutory presumption in the face of fraudulent conveyances which rules which are oppressive to disadvantaged defendants, as well as discriminatory to Peoples and accordingly do not equally respect or evenly enforce private rights to due process of law, even as defined by California State Law, effectively denying equal access to the Courts in violation of 42 U.S.C §§1981-1982, and/or the First amendment's petition clause.

47. For example, the Superior Court of the State of California do not require any proof of ownership or title to property prior to commencing eviction proceedings, it is a simple matter of assuming facts not in evidence or relying upon hearsay declarations and what may be fraudulent conveyances to become the basis for its actions in non judicial foreclosure, so that it is possible for tort-feasors such as the attorneys of the firm and their special arrangements with local counsel to hide or disguise securities transactions by errors, omissions of other withholding of critical evidence, such as sales prices or appraisals, whether the so called purchase was a cash or credit transaction... which permits the conversions and fraudulent transactions to take place in the UD Courts.

48. A sale Deed is created a non judicial foreclosure sale is conducted upon defectives securities transactions and conversions that in form and fact operate

to materially alter the DOT converting it to bond which implicates CC §1700; e.g. an extinguishment by operation of law.

49. Defendant is accordingly entitled to remove pursuant to 28 U.S.C. §1443(1) which provides that defendants may remove civil actions commenced in any state court where Defendant is prosecuted pursuant to a law all of which deny equal protection of the laws as well as substantive due process of law under the First, Fifth, Ninth, and Fourteenth Amendments.

50. All pleadings, process, orders, and other filings in the state court action filed are attached to this notice of removal as required by 28 U.S.C. §1446(a).

51. CUEVAS will promptly file a copy of this notice of removal with the clerk of the state court in the Superior Court for the State of California in and for San Diego County where the action was originally filed and is pending.

52. For all the above-and-foregoing reasons, removal of this action from Superior Court in and for San Diego County, California, to the United States District Court for the Southern District of California, as defined in 28 U.S.C. 84(c)(1) is proper pursuant to all relevant statutes and law.

53. 28 U.S.C. §1443. Civil rights cases

Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:

1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

2) 28 U.S.C. §1443 has UNIQUE status among all removals, totally distinct and different from removals based on Federal question or diversity jurisdiction, in that an order of remand is immediately appealable in this case.

54. Civil Rights injunctions against Federal proceedings are expressly authorized under 42 U.S.C. §§1983, 1988(a). *Mitchum v. Foster,* 407 U.S. 225; 92 S. Ct. 2151; 32 L. Ed. 2d 705 (1972). Although the Supreme Court has not recently addressed the question of Federal Injunctions against State Court proceedings as a remedy for systemic and systematic violations of civil rights, the "extraordinary pro-injunction trilogy" of *Dombrowski, Younger, Mitchum* has never been overruled or even (directly) questioned. In fact, *Mitchum v. Foster* was affirmed by *Pennzoil v. Texaco,* which clarified than in truly extraordinary circumstances, Federal intervention may be proper, 481 U.S. 1. (1987)

55. Every bit as unconstitutional as the Unamerican Activities laws in San Diego stricken in *Dombrowski v. Pfister* the following customs, practices and policies having the force of law in California which effect a systematic deprivation of the fundamental constitutional rights of the Plaintiffs, and thousands of other plaintiffs whose identity is unknown:

56. Accordingly SAN DIEGO request the right to conduct discovery and that the court allow an evidentiary hearing prior to consideration of remand from this Federal Court, to offer their evidence that the abuses in the California Superior Courts in and for San Diego County showing the typical Unlawful Detainer cases are in reality a security matter subject to federal preemption done in state courts to conceal and cove up securities violations and other such federal question sufficient to as to justify Federal judicial intention.

### ***PRAYER FOR RELIEF***

WHEREFORE, APPLICANT prays that this Court will allow discovery and amendment of pleadings to conform with the Federal Rules of Civil Procedure, and that this court will set this case for trial-by-jury.

Respectfully submitted,

April 26, 2012

By: _____

Juan Carlos Cuevas

1361 Max Ave.

Chula Vista, CA 91911

**VERIFICATION**

I declare under the penalty of perjury of the laws of California that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this ___26___ day of ___April___, 2012

Juan  Carlos Cuevas

1361 Max Ave.

Chula Vista, CA 91911

## CERTIFICATE of SERVICE

I the undersigned Removing Defendant do hereby certify that I filed an original signed copy of the above-and-foregoing Notice of Civil Rights Removal with the San Diego County Superior Court Clerk located at 500 Third Avenue, Chula Vista, CA 91910 and simultaneously served a true and correct copy of the same on each of the following known parties to the above entitled and numbered cause as follows:

Sam Chandra. Law Offices of Sam Chandra. 710 Myrtle Ave., #600, Monrovia, CA 91016

Counsel for SKYLINE VISTA EQUITIES, LLC

Clerk of Court

Superior Court of California, San Diego County

located 500 Third Avenue, Chula Vista, CA 91910.

And

April 26, 2012

By: _Olivia Waden_____

Olivia Waden

3114 Mission Village Dr.

San Diego, CA 92123

# *EXHIBIT 1*

04/27/2012  10:15  6197466268  CIVIL  PAGE  02/02

**SUM-130**

# SUMMONS
## (CITACIÓN JUDICIAL)
### UNLAWFUL DETAINER—EVICTION
### (RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):** Evan Bower

Does 1 to 10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):** SKYLINE VISTA
EQUITIES, LLC

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2012 MAR -1 PM 12: 03

CLERK OF THE COURT
SAN DIEGO COUNTY, CA

You have 5 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. (To calculate the five days, count Saturday and Sunday, but do not count other court holidays. If the last day falls on a Saturday, Sunday, or a court holiday then you have the next court day to file a written response.) A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

Tiene 5 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. (Para calcular los cinco días, cuente los sábados y los domingos pero no los otros días feriados de la corte. Si el último día cae en sábado o domingo, o en un día en que la corte esté cerrada, tiene hasta el próximo día de corte para presentar una respuesta por escrito). Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| 1. The name and address of the court is: SUPERIOR COURT OF CALIFORNIA, <br> (El nombre y dirección de la corte es): COUNTY OF SAN DIEGO | **CASE NUMBER:** <br> 37-2012-00030360-CL-UD-SC |

500 Third Ave
Chula Vista, CA 91910          SOUTH COUNTY DIVISION

2. The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Sam Chandra, Bar 262172          Law Offices of Sam Chandra, APC

(626) 256-4333          716 S. Myrtle Ave., # 600
                        Monrovia, CA 91016-2171

3. (Must be answered in all cases) An unlawful detainer assistant (Bus. & Prof. Code, §§ 6400–6415) [X] did not [ ] did
for compensation give advice or assistance with this form. (If plaintiff has received any help or advice for pay from an unlawful detainer assistant, complete item 6 on the next page.)

| Date: | Clerk, by | V. Navarrete | , Deputy |
|---|---|---|---|
| (Fecha): | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED: You are served**

| | |
|---|---|
| a. [ ] as an individual defendant. | |
| b. [ ] as the person sued under the fictitious name of (specify): | |
| c. [ ] as an occupant | |
| d. [ ] on behalf of (specify): | |

under: [ ] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
       [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
       [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
       [ ] CCP 415.46 (occupant)               [ ] other (specify):

6. [ ] by personal delivery on (date):

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. July 1, 2009]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courtinfo.ca.gov

**NOTICE:** EVERYONE WHO LIVES IN THIS RENTAL UNIT MAY BE EVICTED BY COURT ORDER. READ THIS FORM IF YOU LIVE HERE AND IF YOUR NAME IS NOT ON THE ATTACHED SUMMONS AND COMPLAINT.

1. If you live here and you do not complete and submit this form within 10 days of the date of service shown on this form, you will be evicted without further hearing by the court along with the persons named in the Summons and Complaint.
2. If you file this form, your claim will be determined in the eviction action against the persons named in the Complaint.
3. If you do not file this form, you will be evicted without further hearing.

| | |
|---|---|
| CLAIMANT OR CLAIMANT'S ATTORNEY *(Name and Address):*       TELEPHONE NO.: | *FOR COURT USE ONLY* |
| ATTORNEY FOR *(Name):* | |
| NAME OF COURT: | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF: | |
| DEFENDANT: | |
| **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION** | CASE NUMBER: 37-2012-00030360 |
| | *(To be completed by the process server)* DATE OF SERVICE: *(Date that this form is served or delivered, and posted, and mailed by the officer or process server)* |

**Complete this form only if ALL of these statements are true:**
1. You are NOT named in the accompanying Summons and Complaint.
2. You occupied the premises on or before the date the unlawful detainer (eviction) Complaint was filed.
3. You still occupy the premises.

I DECLARE THE FOLLOWING UNDER PENALTY OF PERJURY:

1. My name is *(specify):*

2. I reside at *(street address, unit No., city and ZIP code):*

3. The address of "the premises" subject to this claim is *(address):*

4. On *(insert date):* [                    ] , the landlord or the landlord's authorized agent filed a complaint to recover possession of the premises. *(This date is the court filing date on the accompanying Summons and Complaint.)*

5. I occupied the premises on the date the complaint was filed *(the date in item 4).* I have continued to occupy the premises ever since.

6. I was at least 18 years of age on the date the complaint was filed *(the date in item 4).*

7. I claim a right to possession of the premises because I occupied the premises on the date the complaint was filed *(the date in item 4).*

8. I was not named in the Summons and Complaint.

9. I understand that if I make this claim of right to possession, I will be added as a defendant to the unlawful detainer (eviction) action.

10. *(Filing fee)* I understand that I must go to the court and pay a filing fee of $                or file with the court the form "Application for Waiver of Court Fees and Costs." I understand that if I don't pay the filing fee or file with the court the form for waiver of court fees within 10 days from the date of service on this form (excluding court holidays), I will not be entitled to make a claim of right to possession.

(Continued on reverse)

CP10.5 [New January 1, 1991]            **PREJUDGMENT CLAIM OF RIGHT TO POSSESSION**            Code of Civil Procedure, §§ 415.46, 715.010, 715.020, 1174.25

*Judicial Council Forms for HotDocs* ™

1  SAM CHANDRA (# 203942)
   LAW OFFICES OF SAM CHANDRA, APC
2  710 S. MYRTLE AVE., # 600
   MONROVIA, CA 91016
3  (626) 256-4999

4

   ATTORNEYS FOR PLAINTIFF
5

6

7               SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                        COUNTY OF SAN DIEGO

9

10  SKYLINE VISTA EQUITIES, LLC        )  Case No.     37-2012-00030360-CL-UD-SC
                                       )
11                                     )
                                       )  COMPLAINT FOR UNLAWFUL
12                                     )  DETAINER
              Plaintiff,               )
13                                     )
                                       )
14    vs.                              )  Action based on Code of Civil Procedure
    IVAN ROMAN                         )  Section 1161a
15                                     )
                                       )
16                                     )  LIMITED CIVIL
                                       )
17  and Does 1 to 10,                  )  DEMAND DOES NOT EXCEED
                                       )  $10,000.00
18                                     )
                                       )
19              Defendants.            )
                                       )
20  ─────────────────────────────────  )

    Plaintiff alleges as follows:
21
    1.  Plaintiff is a: Limited Liability Co
22
    2.  Plaintiff alleges a cause of action against the following person(s) hereinafter "Defendants" for
23
        Unlawful Detainer:  Ivan Roman
24

25

26  3.  The true names or capacities, whether individual, corporate, associate, or otherwise, of

27     Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said

28     Defendants by such fictitious names.  Plaintiff is informed and believes and on such information

and belief alleges, that each of the Defendants designated herein as DOE was legally responsible in some manner for the events and happenings herein referred to and legally caused damages approximately thereby to Plaintiff as herein alleged.

4.  On 02/06/12, Plaintiff became the owner of real property by purchasing said property at a foreclosure sale.

5.  Title under this sale has been duly perfected.

6.  Pursuant to the recitations contained within the Trustee's Deed Upon Sale, the foreclosure sale, and all required notices were accomplished in compliance with CC §2294 et. seq..

7.  The Real Property as stated above bears the APN number of:  6200820500

8.  The Real Property as stated above is located at:  1361 Max Avenue, Chula Vista, CA 91911, County of SAN DIEGO

9.  No landlord/tenant relationship exists between the purchaser and the Defendants.

10. Since the date of sale, and continuing to present, Defendants have occupied said premises without the consent or authorization of the purchaser.

11. Defendants' title, if any, to said premises, that existed prior to the date of sale, was extinguished by said sale.

12. On 02/22/12  , Plaintiff caused to be served on the Defendants a written notice in compliance with the Code of Civil Procedure, Section 1161a et seq., requiring and demanding that Defendant(s) quit and deliver up possession of the premises within  3  days.

13. More than  3  days have elapsed since the service of said notice.  The notice has expired, but Defendants have failed and refused, and continues to fail and refuse, to quit and deliver up possession of the premises, Defendant(s) now being in possession thereof.

14. The reasonable rental rate of the premises is $ 1,800.00  per month.  The daily rate based upon a 30 day month is $ 60.00 .

15. Plaintiff is being damaged by the detention of this property in the sum of not less than $ 60.00 per day for the use and occupancy of said premises, and will continue to sustain damages at said rate for so long as Defendants remain in possession of the premises.

16. Plaintiff has not received any rents or other compensation from the Defendant(s).

17. The Defendants hold-over and continue in possession of the premises.  Said hold-over and continued possession is willful, intentional, deliberate, and without permission or consent of Plaintiff.  Plaintiff is entitled to immediate possession of the premises.

18. The premises are located in the above-entitled judicial district.

19. Defendants have had use and enjoyment of the premises, at the detriment of Plaintiff from the date of the service of the notice through today and will continue to enjoy the same through the date of entry of judgment or the date Plaintiff is finally able to recover possession of the premises.

WHEREFORE, Plaintiff prays against Defendants, and each of them, as follows:

1.    For restitution and possession of the premises;

2.    For damages in the amount of $60.00 per day or as allowed by law from 02/28/12 to the date of entry of judgment, or recovery of possession of the premises;

3.    For Plaintiff's costs of suit;

4.    For such other and further relief as the Court may deem just and proper.

Executed  02/28/12

/s/ Service Copy
Sam Chandra, Esq
Attorney for Plaintiff

EXHIBIT LIST:

The following exhibits are attached and incorporated into the complaint by reference:

1. Verification to Complaint
2. Deed
3. Notice and proof of service.

## VERIFICATION of the Complaint:

I am:

[  ] the Plaintiff;

[  ] an Officer of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

[  ] a partner of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

[X ] an agent of the Plaintiff in this action, and am authorized to make this verification for and on its behalf.

The matters stated in the forgoing document are true of my own knowledge except as to those matters stated on information and belief, and as to those matters I believe them to be true.

I request that a facsimile whether by traditional fax or by "scan and e-fax or e-mail" be accepted as an original pursuant to CRC 2.305(d).

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct. Executed in El Segundo _____, California. Pursuant to Code of Civil Procedure, Sections 2015.5 and 396a.

| Olivia Reyes | 02/28/12 | /s/ Service Copy |
|---|---|---|
| (Name, printed or typed) | (Date) | (Signature) |

Pursuant to Evidence Code, § 1521 and Calif. Rules of Court, Rule 2.305(d), a signature hereon in any, produced by facsimile transmission is admissible as an original.

**Declaration of Attorney re Verification:** My client has indicated to me that they are unable to proceed to my office to deliver a "wet ink signature", as such this document is either a faxed copy of the original or a scanned and e-mailed copy of the original. I request the court to accept it as an original per CRC 2.305(d). Sam Chandra  02/28/12 _____, /s/ Service Copy _____

Notice:  Pursuant to the Fair Debt Collection Practices Act.  If this document demands any sum of money, we hereby inform you that unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.  This is an attempt to collect a debt and any information obtained will be used for this purpose.

RECORDING REQUESTED BY:
RECONTRUST COMPANY
AND WHEN RECORDED MAIL TO:
SKYLINE VISTA EQUITIES, LLC
319 MAIN STREET

EL SEGUNDO, CA 90245
Forward Tax Statements to Address listed above

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

TS No. 11-0066548
Title Order No. 11-0054421

*1361 MAX AVE
Chula Vista, Ca 91911*

## TRUSTEE'S DEED UPON SALE

APN#     620-082-05-00              TRANSFER TAX: $ *203.50*

The Grantee herein was not the beneficiary
The amount of the unpaid debt was $ 401,085.57
The amount paid by the Grantee was $ 185,000.00
The property is in the city of CHULA VISTA, County of SAN DIEGO

RECONTRUST COMPANY, N.A., as the duly appointed Trustee (or successor Trustee or substituted Trustee), under a Deed of Trust referred to below, and herein called "Trustee", does hereby grant without covenant or warranty to:

SKYLINE VISTA EQUITIES, LLC

herein called Grantee, the following described real property situated in SAN DIEGO County, California:

SEE ATTACHED LEGAL DESCRIPTION

This conveyance is made pursuant to the powers conferred upon Trustee by the Deed of Trust executed by IVAN ROMAN, A SINGLE MAN, as Trustor, recorded on 11/12/2004, Instrument Number 2004-1073359 ( or Book , Page 11274) Official Records in the Office of the County Recorder of SAN DIEGO County.

All requirements of law regarding the recording and mailing of copies of the Notice of Default and Election to Sell, and the recording, mailing, posting, and publication of the Notice of Trustee's Sale have been complied with.

*Form trsteedeed_2011.11.0 11/2011*

TS No. 11-0066548

Title Order No. 11-0054421

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its power under said Deed of Trust sold said real property at public auction on 02/06/2012. Grantee, being highest bidder at said sale became the purchaser of said property for the amount bid, which amount was $ 185,000.00.

DATE:  ~~February 06, 2012~~

FEB 0 9 2012

RECONTRUST COMPANY, N.A.

FEB 0 9 2012

BY: _____

Candice Reeves-Herzog

Assistant Vice President

State of California           }

County of Ventura            }

On  FEB 0 9 2012 _____ before me, __JEANINE HOFFMAN_____, notary public, personally appeared __Candice Reeves-Herzog__, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JEANINE HOFFMAN

JEANINE HOFFMAN
Commission # 1840486
Notary Public - California
Los Angeles County
My Comm. Expires Apr 11, 201_

CLTA Guarantee Form No. 22 (Revised 09-12-08)

EXHIBIT A

REF. NO. 2011-0066548                              LEGAL DESCRIPTION

LOT 178 OF SUBURBAN HEIGHTS UNIT NO. 2, IN THE CITY OF CHULA VISTA,
COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF
NO. 4080, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO
COUNTY, FEBRUARY 6, 1959.

EXCEPTING THEREFROM ALL OIL AND MINERALS AS EXCEPTED BY OTAY
AGRICULTURAL CORPORATION IN DEED RECORDED MAY 23, 1956 IN BOOK 6112,
PAGE 277 OF OFFICIAL RECORDS.

IN THE ISSUANCE OF ANY FURTHER EVIDENCE OF TITLE THE LEGAL DESCRIPTION SHOWN IN THIS
GUARANTEE SHOULD BE USED IN PLACE OF THAT SHOWN ON THE ABOVE MENTIONED DEED OF TRUST AN
NOTICE OF DEFAULT.

Notice to Any Renters Living At

<u>1361 Max Avenue, Chula Vista CA 91911</u>

The attached notice means that your home was recently sold in foreclosure and the new owner plans to evict you.
You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.
Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.
You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.
How to Get Legal Help
If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

## NOTICE TO QUIT

**TO:**  Ivan Roman,
and does 1-10, and all other persons and/or entities in possession of the premises commonly known :
_____1361 Max Avenue , Chula Vista, CA, 91911_____. I / we represent the owner of the Property with respect to your occupancy therein.

If you were the trustor on the deed of trust for the premises described by the address above, then the following sentence applies:  Within three (3) days after service of this notice, you are hereby required to deliver up possession of the Property.

If you are a person / entity in possession of the above described premises, other than the former trustor, **AND** a party to the note (deed of trust) remains on the property as a tenant subtenant or occupant then the following sentence applies:  Pursuant to CCP § 1161a you are hereby required to deliver up possession of the Property within thirty (30) days after service of this notice;

If you are a person / entity in possession of the above described premises, other than the former trustor, **AND** a party to the note (deed of trust) does not remain on the property **AND** you are not a bona fide tenant*, then the following sentence applies:  Pursuant to CCP § 1161b, you are hereby required deliver up possession of the Property within sixty (60) days after service of this notice.

If you are a person / entity in possession of the above described premises, other than the former trustor, **AND** if you are a bona fide tenant*, or if you have not been described in any other category above, then the following applies:  Within ninety (90) days after service of this notice, you are hereby required to d iver up possession of the Property.

Possession of the premises must be delivered to the undersigned or to __Skyline Vista Equities, LLC  who is authorized to receive the same.

This notice is given pursuant to California Code of Civil Procedure § 1161a(b)(3) and/or § 1161a(c) and / or CC § 789 and "Protecting Tenants at Foreclosure Act of 2009" 12 USC 5201 et. seq., as the Property has been sold in accordance with Civil Code § 2924 under a power of sale contained within the deed of trust executed by you (or the former trustor), and the title under the sale has been duly perfected.  Therefore, unless you vacate and deliver up possession of the Premises within the time described above, we will immediately file an unlawful detainer (eviction) lawsuit against you to recover possession of the Property, all damages (including monies pursuant to Code of Civil Procedure section 1174(b) and any other  amages allowed by law), costs and attorneys' fees.

*Bona Fide Tenant is generally defined as someone not related to the mortgagor, whose tenancy was created as result of an arms length transaction and whose tenancy is predicated upon receipt of ma ket rate rent.  For the specific terms please see 12 USC 5201 § 702 (b) (1)-(3).

Note, if there is any ambiguity causing you to be described by more than one category enumerate above, then the category with the greatest length of time shall prevail.
_____February 21, 2012_____                    _____
 Date                                                   OWNER/AGENT – Olivia Reyes

If you are not the prior owner, please contact the above agent immediately and provide all information regarding your  ccupancy including a statement as to the amount of rent currently due.

PENAL CODE SECTION 594 PROVIDES THAT ANY PERSON WHO MALICIOUSLY DAMAGES OR DESTR YS THE PROPERTY OF ANOTHER IS SUBJECT TO FINE AND IMPRISONMENT. NOTE ALL FIXTURES HAVE BECO ME THE PROPERTY OF THE NEW OWNER. REMOVAL OF ANY FIXTURE IS A CRIME.

This notice is property of the Law Offices of Sam Chandra, APC, reproduction without permission is prohibited by U.S. Copyright laws (2010).

## DECLARATION OF SERVICE OF NOTICE
## BY REGISTERED PROCESS SERVER

I, the undersigned, declare that at the time of service of the papers herein described, I was at least eighteen (18) years of age, and a REGISTERED PROCESS SERVER AS INDICATED BELOW. I served the following:

**Document served:** Foreclosure Notice to Quit & Coversheet

**Persons served:** Ivan Roman; all occupants in possession of the premises

**Location of service:**

1361 Max Avenue
Chula Vista, CA 91911

**Method of service:**

[ ] **PERSONAL DELIVERY** of a copy of the Notice to: _____

[ ] By **Leaving a Copy** of the notice for residents with _____ a person of suitable age or discretion, at the residence of the residents: **AND BY MAILING** by first-class mail on said date a copy to each of the residents by depositing said copies into the United States Mail in a sealed, postage-paid envelope, addressed to the residents at the place of residence.

[X] **BY POSTING & MAILING** After unsuccessfully attempting to locate residents and there being no person of suitable age or discretion to be found, **I POSTED** a copy for each of the residents in a conspicuous location on the premises, **AND I MAILED** by first-class mail on the same day as posted, a copy to each of the residents by placing in the United States Mail in a sealed, postage-paid envelope, addressed to the residents where the property is situated. I am unaware of any alternate address or usual place of business other than the address as indicated above.

Date of Service: _____ 2-22-12 _____.
(date)

I declare under penalty of perjury under he laws of the state of California that the foregoing is true and correct and if sworn as a witness could competently testify thereto.

Dated: 2-22-12

_____
(Signature)

JAY ALAN YOUNG
(Name, printed or typed)

Registration County: Orange County

Registration number: 2012
Company Name: CHOICE ATTORNEY SERVICE
Company Addr: 9852 KATELLA # 171
Addr line 2: ANAHEIM, CA 92804
Phone number: 714-774-3176

**UD-105**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Juan Carlos Cuevas<br>1361 Max Ave.<br>Chula Vista, CA 91911<br><br>ATTORNEY FOR *(Name):* IN PRO PER | TELEPHONE NO:      FOR COURT USE ONLY<br><br>*(court stamp)*<br>2012 APR -5<br>SAN DIEGO<br>12:23 |

NAME OF COURT: SAN DIEGO SUPERIOR COURT
STREET ADDRESS: 500 THIRD AVENUE
MAILING ADDRESS: 500 THIRD AVENUE
CITY AND ZIP CODE: CHULA VISTA, CA 91910
BRANCH NAME: SOUTH COUNTY

PLAINTIFF: Skyline Vista Equities, LLC

DEFENDANT: Ivan Roman; and Does 1-10, inclusive

| ANSWER—Unlawful Detainer | CASE NUMBER:<br>37-2012-0003030-cl-ud-sc |
|---|---|

1. Defendant *(names):*
   Juan Carlos Cuevas

   answers the complaint as follows:

2. **Check ONLY ONE of the next two boxes:**
   a. [ ]  Defendant generally denies each statement of the complaint. *(Do not check this box if the complaint demands more than $1,000.*
   b. [✓]  Defendant admits that all of the statements of the complaint are true EXCEPT
      (1) Defendant claims the following statements of the complaint are false *(use paragraph numbers from the complaint or explain):*

      [ ]  Continued on Attachment 2b (1).
      (2) Defendant has no information or belief that the following statements of the complaint are true, so defendant denies them *(use paragraph numbers from the complaint or explain):*
      Each and every paragraph allegation of the complaint. (See attachment 3j)

      [ ]  Continued on Attachment 2b (2).

3. **AFFIRMATIVE DEFENSES**   *(NOTE: For each box checked, you must state brief facts to support it in the space provided at the top of page two (item 3j)).*
   a. [✓]  *(nonpayment of rent only)* Plaintiff has breached the warranty to provide habitable premises.
   b. [✓]  *(nonpayment of rent only)* Defendant made needed repairs and properly deducted the cost from the rent, and plaintiff did not give proper credit.
   c. [ ]  *(nonpayment of rent only)* On *(date):*                before the notice to pay or quit expired, defendant offered the rent due but plaintiff would not accept it.
   d. [✓]  Plaintiff waived, changed, or canceled the notice to quit.
   e. [✓]  Plaintiff served defendant with the notice to quit or filed the complaint to retaliate against defendant.
   f. [ ]  By serving defendant with the notice to quit or filing the complaint, plaintiff is arbitrarily discriminating against the defendant in violation of the Constitution or laws of the United States or California.
   g. [ ]  Plaintiff's demand for possession violates the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

      *(Also, briefly state the facts showing violation of the ordinance in item 3j.)*
   h. [ ]  Plaintiff accepted rent from defendant to cover a period of time after the date the notice to quit expired.
   i. [✓]  Other affirmative defenses are stated in item 3j.

**UD-105**

| | |
|---|---|
| PLAINTIFF (Name): Skyline Vista Equities, LLC | CASE NUMBER: |
| DEFENDANT (Name): Ivan Roman; and Does 1-10, inclusive | 37-2012-000303  )-cl-ud- |

3. AFFIRMATIVE DEFENSES (cont'd)

   j. Facts supporting affirmative defenses checked above *(identify each item separately by its letter from page one)*:

   > 3.i. THE 3 DAY NOTICE HAS BEEN PERMATURELY FILED AND SHOULD BE DISMISSED
   > 3.k. THE COMPLAINT IS DEFECTIVE AND/OR FAILS TO STATE A CAUSE OF ACTION AND
   > THE PLAINTIFF HAS NO STANDING TO FORECLOSE ON THIS PROPERTY

   (1) [  ] All the facts are stated in Attachment 3j.      (2) [✓] Facts are continued in Attachment 3j.

4. OTHER STATEMENTS

   a. [  ] Defendant vacated the premises on *(date)*:

   b. [✓] The fair rental value of the premises alleged in the complaint is excessive *(explain)*:

   c. [✓] Other *(specify)*:
   
   the alleged notice(s) to quit is(are) defective in form and/or content and/or service (c.c.p 1162)
   waiver/estoppel/offset-due to paid consideration not credited as additional rent or refund accordi

5. DEFENDANT REQUESTS

   a. that plaintiff take nothing requested in the complaint.

   b. costs incurred in this proceeding.

   c. [✓] reasonable attorney fees.

   d. [✓] that plaintiff be ordered to (1) make repairs and correct the conditions that constitute a breach of the warra y to provide habitable premises and (2) reduce the monthly rent to a reasonable rental value until the conditions are co ected.

   e. [✓] Other *(specify)*:
   
   FOR SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS PROPER
   INCLUDING, BUT NOT LIMITED TO, A SPECIFIC FINDING THAT PLAINTIFF'S
   COMPLAINT IS WITHOUT MERIT.

6. [✓] Number of pages attached *(specify)*: 1

**UNLAWFUL DETAINER ASSISTANT (Business and Professions Code sections 6400- 6415)**

7. *(Must be completed in all cases)* An **unlawful detainer assistant** [✓] did not [  ] did   for compensation giv advice or assistance with this form. *(If defendant has received any help or advice for pay from an unlawful detainer assistant, si e:*

   a. Assistant's name:                          b. Telephone No.:

   c. Street address, city, and ZIP:

   d. County of registration:                    e. Registration No.:              f. Expires on (date):

Juan Carlos Cuevas
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT OR ATTORNEY)

_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT OR ATTORNEY)

*(Each defendant for whom this answer is filed must be named in item 1 and must sign this answer unless his or her attorn  signs.)*

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership. )*

I am the defendant in this proceeding and have read this answer. I declare under penalty of perjury under the laws of the  ate of California that the foregoing is true and correct. Date:

Juan Carlos Cuevas
_____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

UD-105 [Rev. January 1, 2007]            **ANSWER—Unlawful Detainer**            Page 2 of 2

1    Juan Carlos Cuevas                                            Attachment 3.j.

      1361 Max Ave.

2    Chula Vista, CA 91911

3

4    Defendant, In Pro Per

5

6

7

8                          Superior Court of the State of California

9                     County of San Diego- South County Division

10

11    Skyline Vista Equities, LLC,         )    Case No.  37-2012-00030360-CL-UD-SC

                                          )

12    Plaintiff,                        )    ANSWER OF DEFENDANT JUAN CARLOS

                                          )    CUEVAS TO UNLAWFUL DETAINER

13    vs.                             )    COMPLAINT OF PLAINTIFF,

                                          )    ───────────────────

14                                   )

      Ivan Roman; and Does 1-10, inclusive       )

15                                   )

16    Defendants.                        )

      ─────────────────────────── )

17                                   )

18                                   )

19

20    **Juan Carlos Cuevas**, for his Answer to the Unlawful Detainer Complaint of Plaintiff Skyline Vista **Equities, LLC**, states:

21

22       1.  I admit the following paragraphs: 8, 9, 16 and 18.

23

24       2.  I deny the following paragraphs 3, 10, 11, 12, 13, 14, 15, 17 and 19.

25       3.  I deny the following paragraphs because I do not have enough information to admit or deny them: 1, 2, 4, 5, 6 and 7.

26

27       4.  [ X ] I deny the portions of paragraph 3, the states: Plaintiff is informed and believes and on such information and belief alleges, that each of the Defendants designated herein as DOE

28

ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER COMPLAINT

was legally responsible in some manner for the events and happenings herein referred to and legally caused damages approximately thereby to Plaintiff as herein alleged.

5. [ X ] I deny the portions of paragraph 10, the states: Since the date of sale, and continuing to present, Defendants have occupied said premises without the consent or authorization of the purchaser.

6. [ X ] I deny the portions of paragraph 11, the states: Defendants' title, if any, to said premises, that existed prior to the date of sale, was extinguished by said sale.

7. [ X ] I deny the portion of paragraph 12, the states: On 02/22/12. Plaintiff caused to be served on the Defendants a written notice requiring and demanding that Defendant(s) quit and deliver up possession of the premises within 3 days.

8. [ X ] I deny the portion of paragraph 13, the states: More than 3 days have elapsed since the service of said notice. The notice has expired, but Defendants have failed and refused, and continues to fail and refuse, to quit and deliver up possession of the premises, Defendant(s) now being in possession thereof.

9. [ X ] I deny the portion of paragraph 14, the states: The reasonable rental rate of the premises is $1,800.00 per month. The daily rate based upon a 30 day month is $60.00.

10. [ X ] I deny the portion of paragraph 15, the states: Plaintiff is being damaged by the detention of this property in the sum of not less than $60.00 per day for the use and occupancy of said premises, and will continue to sustain damages at said rate for so long as Defendants remain in possession of the premises.

11. [ X ] I deny the portion of paragraph 17, the states: The Defendants hold-over and continue in possession of the premises. Said hold-over and continues possession is willful, intentional, deliberate, and without permission or consent of Plaintiff. Plaintiff is entitled to immediate possession of the premises.

12. [ X ] I deny the portion of paragraph 19, the states: Defendants have had use and enjoyment of the premises, at the detriment of Plaintiff from the date of the service of the notice through today and will continue to enjoy the same through the date of entry of judgment or the date Plaintiff is finally able to recover possession of the premises.

13. I deny everything I did not admit.

ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER COMPLAINT

## DEFENSES

[ ] 1. Plaintiff knew at the time we entered into the rental agreement that the premises were uninhabitable.

[ ] 2. I paid all of my rent.

[ ] 3. A three-day notice was not served upon me as required by *Code of Civil Procedure* § 1161(2)

[ ] 4. The Complaint was filed and Summons issued before the end of the three-day notice period in which to pay rent or move.

[ X ] 5. The three-day notice fails to state the amount of rent owed.

[ ] 6. I am being evicted in retaliation for requesting repairs

[ ] 7. I tried to pay rent before the time period of the three-day notice expired and the Plaintiff refused my payment.

[ ] 8. Other

FURTHER, AS SEPARATE AFFIRMATIVE DEFENSES to each and every cause of action of the complaint, this answering defendant is informed and believes, and on such information and belief alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

As a first and separate affirmative defense to the complaint, this answering defendant alleges that she is entitled to possession of the premises which is the subject of this complaint pursuant to the provisions of Public Law 111-22, signed by President Barack Obama and effective May 20, 2009, titled The Protecting Tenants at Foreclosure Act of 2009, Section 702 which states in pertinent part that,

"(a) In General- In the case of any foreclosure on a federally-related mortgage loan or on any dwelling or residential real property after the date of enactment of this title, any immediate successor in interest in such property pursuant to the foreclosure shall assume such interest subject to--

- 3 -

ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER COMPLAINT

(1) the provision, by such successor in interest of a notice to vacate to any bona fide tenant at least 90 days before the effective date of such notice; and

(2) the rights of any bona fide tenant, as of the date of such notice of foreclosure-

(A) under any bona fide lease entered into before the notice of foreclosure to occupy the premises until the end of the remaining term of the lease..." This answering defendant signed a lease with the previous owner.

### SECOND AFFIRMATIVE DEFENSE

As a Second and Separate Affirmative Defense, this answering defendant alleges the affirmative defense of "constructive eviction" in that the plaintiff's actions or omissions interfere with the tenant's right to "peaceful and beneficial possession" of the rental unit that the unit or a portion of it becomes uninhabitable due to persistent harassment by the plaintiff, including several attempts to lock this answering defendant out of the premises prior to commencing the lawsuit, and several attempts to have the utility service at the premises shut off.  See *Stoiber v Honeychuck* (1980) 101 Cal.App 3d 903, 925–926; see also *Clark v Spiegel* (1971) 22 Cal..App 3d 74, 79–80.

### THIRD AFFIRMATIVE DEFENSE

As a Third and Separate Affirmative Defense, this answering defendant alleges the affirmative defense of an unlawful influence to vacate including menacing conduct, or the use or threatened use of force (that would create an apprehension of harm in a reasonable person) that interferes with the tenant's quiet enjoyment of the premises, in violation of *Civil Code* § 1927, and a significant and intentional violation of *Civil Code* § 1954, which governs the circumstances under which a landlord may enter the rental unit.  This is due to persistent harassment by the plaintiff,

- 4 -

ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER COMPLAINT

1  including several attempts to lock this answering defendant out of the premises prior to

2  commencing the lawsuit, and several attempts to have the utility service at the premises  nut off.

3

4

5  **FOURTH AFFIRMATIVE DEFENSE**

6      As a Fourth and Separate Affirmative Defense, this answering defendant  leges the

7  affirmative defense that plaintiff has discriminated against this answering defendant in  olation of

8  the laws of California, or of the federal or state Constitutions. See *Department of Fair E  iployment*

9  *& Housing v Superior Court* (2002) 99 Cal.App 4th 896, 899–902; *Smith v Fair Employmen  & Housing*

10

11  *Comm'n* (1996) 12 Cal.4th 1143, 1155–1161, 1176, 1179; *Marina Point, Ltd. v Wolfson* (1  32) 30 Cal.

12  3d 721, 724–726.

13

14  **FIFTH AFFIRMATIVE DEFENSE**
    *(Statutory Notice)*

15

16  Defendants affirmatively allege as a separate defense that Plaintiff's claims, and each of t  em, are
barred due to Plaintiff's failure to give proper statutory notice to this answering defenda  s before

17  filing the instant action.

18  **SIXTH AFFIRMATIVE DEFENSE**

19  As a Seventh and Separate Affirmative Defense, this answering defendant alleges the

20  affirmative defense that the unlawful detainer complaint of plaintiff fails to state facts s  fficient to

21  constitute a cause of action on the grounds that the three-day notice served on this  answering

22  defendant is defective as it does not contain the information required by *Code of Civil F  ocedure* §

23  1161(2), and further that the three day notice overstates the amount of rent due, and  as served

24  before the stated amount of rent became due, thus it is fatally defective and will not  ipport an

25

26  unlawful detainer action.  The 3-day notice alleged in the complaint fails to include th   payment

27  information required by *Code of Civil Procedure* § 1161(2), thus the complaint on its fac  to state a

28

ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER CC 1PLAINT

cause of action in Unlawful Detainer based on non-payment of rent, or any other cause of action in Unlawful Detainer.   The payment information which is absent is the name, address and telephone number of the person to whom payment is to be made, as well as the usual hours and days on which rent can be paid.

**SEVENTH AFFIRMATIVE DEFENSE**

This answering defendant presently has insufficient knowledge and information upon which to form a belief as to whether she may have additional, and as yet unstated, affirmative defenses available. As such, this answering defendant reserves the right to seek leave of Court to amend her answer to assert additional affirmative defenses in the event that discovery reveals facts which render them appropriate.

WHEREFORE, defendant prays as follows:

1.    That plaintiff take nothing by their complaint;

2.    That said complaint be dismissed as against this answering defendant with prejudice;

3.    That this answering defendant be restored to possession of the premises;

4.    For costs of suit herein incurred;

5.    For reasonable attorney fees if allowed by law or statute;

6.    For such other and further relief as the court may deem just and proper.

Dated: April 05, 2012

_____
Juan Carlos Cuevas

- 6 -

ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER COMPLAINT

**VERIFICATION**

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

I, Juan Carlos Cuevas declare that:

I am a party to this action.

I have read the foregoing **Answer of Defendant Juan Carlos Cuevas to Complaint of Plaintiff, Skyline Vista Equities, LLC** and know the contents thereof. I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information and belief, and to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this ____/____ day of _April_, 2012, at _____, California.

_____
Juan Carlos Cuevas

- 7 -

ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER COMPLAINT

1

2

**PROOF OF SERVICE**

3

I am over the age of 18 and not a party to this action.

4

5

I am a resident of or employed in the county where the mailing occurred; my business/residence address is: 3114 Mission Village Dr. San Diego, CA 92123

6

7

On April 05, 2012, I served the foregoing document(s) described as: **ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER COMPLAINT OF PLAINTIFF SKYLINE**

8

**VISTA EQUITIES, LLC** to the following parties:

9

10

**SAM CHANDRA**

**LAW OFFICES OF SAM CHANDRA, APC**

11

**710 S. MYRTLE AVE. #600**

**MONROVIA, CA 91906**

12

13

14

[X] (By U.S. Mail) I deposited such envelope in the mail at San Diego, California with postage thereon fully prepaid. I am aware that on motion of the party served service is presumed in valid in postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

15

16

17

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

18

19

20

DATED: April 05, 2012

21

22

Olivia Waden

23

24

25

26

27

28

ANSWER OF DEFENDANT JUAN CARLOS CUEVAS TO UNLAWFUL DETAINER COMPLAINT

# EXHIBIT A

PO BOX 659004
SAN DIEGO, CA 92165-9004

0400 0340  NO RP 09 03112012 YNNYNNNY 01 007796 0024

JUAN CUEVAS
1361 MAX AVE
CHULA VISTA CA 91911-4511

Bill for JUAN CUEVAS
March 11, 2012

Account Number
PIN
Service at

Repair 619
Cox Telephone 888



Thank you for choosing Cox as your full service
communications provider. At this time your service(s) are past
due. To avoid late fee(s) full payment should be made at once.
If you have recently made a payment, disregard this message.



From Friday, April 27th through Sunday, April 29th catch a free
preview of Epix (Channel 310 and HD Channel 1310), Epix On
Demand (Channel 1) and Epix Online (www.cox.com/tv). During
the preview, customers with an Advanced TV receiver or
CableCARDTM will have free access to the Epix Channels.
Customers with Advanced TV and an Advanced TV receiver will
also have access to Epix On DEMAND. Customers with a
www.cox.com/tv username and password will have access to
Epix content on Cox TV Online. These channels may contain
NC-17 or R rated programming. To restrict access to this
programming you can use the Parental control feature on your
Advanced TV remote. To request that the channel be blocked
completely, please call the numbe on this bill to speak with a
Customer Care representative.

| ACCOUNT | |
|---|---|
| Previous Balance | 291.36 |
| Payment Received - Mar 1 | -150.00 |
| | |
| | |
| New Charges Due By Mar 30, 2012 | $151.09 |
| TOTAL DUE | 282.45 |
| Your Cox Bundle | |

continued in News from Cox



EasyPay
There's an easier way to pay your Cox bill! With
EasyPay you can have your monthly Cox bill paid
automatically from the bank or credit card account you
choose. Visit www.cox.com for more information.

March 11, 2012 Bill for JUAN
Account Number   001 3130
Service at        1361 MAX
                  CHULA VISTA CA 91911-4511

New Charges Due for Mar                     153.09

TOTAL DUE                                    282.45

COX COMMUNICATIONS
PO BOX 79171
PHOENIX AZ 85062-9171

Bill for JUAN CUEVAS March 11, 2012
Account number  001 3110 020899409

Page 2 of 4

Monthly Services cont.

**TELEPHONE**
619-271-7635

| | |
|---|---|
| Cox Digital Telephone Package Discount | $-7.99 |
| | $-7.99 |
| Cox Long Distance | $0.00 |
| *Basic Monthly Service | 17.99 |
| Simply 5 Long Distance Discount 2 | 0.00 |
| Essential Feature Pak | 12.99 |
| FCC Access Charge | 4.40 |
| **Total Telephone** | **$27.39** |
| **TOTAL MONTHLY SERVICES** | **$120.32** |

| PARTIAL MONTH SERVICES | | | |
|---|---|---|---|
| Bundled Savings Pak | Feb 29 | -Mar | $3.27 |
| Cox TV Starter | Feb 29 | -Mar | -1.33 |
| Expanded Service | Feb 29 | -Mar | -2.47 |
| Advanced TV | Feb 29 | -Mar | -1.00 |
| DVR Service | Feb 29 | -Mar | -0.67 |
| Cox Service Protection Plan | Feb 29 | -Mar | -0.20 |
| Advanced TV HD DVR Receiver | Feb 29 | -Mar | -0.48 |
| Cox High Speed Internet Preferred with PowerBoost | Feb 29 | -Mar | -3.27 |
| **TOTAL PARTIAL MONTH SERVICES** | | | **$-6.15** |

| ONE TIME CHARGES AND CREDITS | | | |
|---|---|---|---|
| Late Payment Fee | Feb 25 | | $4.75 |
| Late Payment Fee | Feb 25 | | 0.65 |
| Reactivation | Mar 1 | | 20.00 |
| **TOTAL ONE TIME CHARGES AND CREDITS** | | | **$25.40** |

| | |
|---|---|
| Bundled Savings Pak | $-48.98 |
| **Total** | **$-48.98** |
| Faith | $0.00 |
| Bonus | 0.00 |
| Cox TV Starter | 19.99 |
| Expanded Service | 37.00 |
| Latino Pak | 0.00 |
| Advanced TV | 15.00 |
| Movie Pak | 0.00 |
| Variety Pak | 0.00 |
| HD | 0.00 |
| HD Expanded | 0.00 |
| Channel 4 HD | 0.00 |
| DVR Service | 9.99 |
| Cox Service Protection Plan | 2.95 |
| Advanced TV HD DVR Receiver | 7.99 |
| **Total TV** | **$92.92** |
| Cox High Speed Internet Preferred with PowerBoost | $48.99 |